# ·CASES

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

## AMERICAN CAN COMPANY *vs.* COMMONWEALTH.·

Suffolk.    January 3, 1905. — April 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Tax.    Corporation.*

St. 1903, c. 437, § 75, provides that every foreign corporation of certain classes shall pay an excise tax of one hundredth of one per cent on its authorized capital stock, "but it may deduct from such tax the amount of taxes upon property paid by it to any city or town in the Commonwealth during the preceding year, and the amount of such excise tax shall not in any one year exceed the sum of two thousand dollars." *Held*, that where one hundredth of one per cent exceeds $2,000 the amount of the local tax is to be deducted from the whole amount before it is reduced to $2,000.

PETITION, filed in the Supreme Judicial Court on September 20, 1904, by a corporation organized under the laws of the State of New Jersey, to recover from the Commonwealth the sum of $1,419.32, the difference between the excise tax paid by the petitioner under St. 1903, c. 437, § 75, and the amount which the petitioner alleged that it should pay under the true construction of that statute.

The respondent demurred to the petition, and the case came on to be heard before *Lathrop*, J., who reserved it upon the petition and demurrer for determination by the full court. If the demurrer should be sustained the petition was to be dismissed; otherwise, such decree was to be entered as justice and equity might require.

The case was submitted on briefs at the sitting of the court in January, 1905, and afterwards was submitted on briefs to all the justices.

*Asa P. French & J. S. Allen, Jr.*, for the petitioner.

*F. H. Nash*, Assistant Attorney General, *& F. T. Field*, for the Commonwealth.

LORING, J.   The only question here is when the limitation of St. 1903, c. 437, § 75, is to be applied which provides that $2,000 shall be the maximum excise tax laid on foreign corporations.

In the case at bar the authorized capital of the petitioning corporation was $88,000,000, one hundredth of one per cent of which is $8,800. Its local taxes were $1,419.32. The Commonwealth's contention is that the local taxes are to be deducted from $8,800, making $7,380.68, which is cut down to $2,000 by the application of the $2,000 limitation. The contention of the petitioner is that the excise tax is to be cut down from $8,800 to $2,000, and the local taxes are to be deducted then, making the amount to be paid $580.68.

The argument put forward by the petitioner which goes to the merits is that the deduction of local taxes is to prevent double taxation, as explained by Bigelow, C. J., in *Commonwealth* v. *Hamilton Manuf. Co.* 12 Allen, 298, 305, and that if the contention of the Commonwealth is adopted and the local taxes are deducted before the $2,000 limitation is applied, the corporation does not get relief from double taxation in many cases, including the case at bar, for the reason that a corporation with the same authorized corporate stock as the petitioning corporation which pays no local taxes would pay the same excise tax.   Inequalities of that or of a similar kind are necessarily incident to a provision limiting the maximum tax to a specified amount.   For example, there is a similar inequality in case of a corporation with a capital of $20,000,000 (one hundredth of one per cent of which is $2,000) compared with the petitioning corporation with a capital

of $88,000,000. But the decisive answer to the argument is that if the Legislature had provided in so many words that after the amount of local taxes has been deducted the sum so ascertained should be reduced to $2,000, it could have done so. In case of such a statute there is a deduction of local taxes to prevent double taxation, and an additional deduction, making the sum to be paid not more than $2,000 in any event. The question to be decided here is whether that is what the Legislature intended by St. 1903, c. 437, § 75.

It is true that under the Commonwealth's contention the limitation is a limitation on the amount to be paid rather than on the amount to be assessed. On the other hand the petitioner's contention results in transposing the limitation to an earlier part of the section than the part where it appears, and in construing the section as if it had read that every foreign corporation shall pay an excise tax to be assessed by the tax commissioner of one hundredth of one per cent of the par value of its authorized capital and not exceeding $2,000.

The provisions of the section are such that no construction that can be given to it is altogether satisfactory.

But on the whole a majority of the court are of opinion that the order adopted by the Legislature in the steps specified in the statute is the safer indication of what it had in mind ; and that the limitation is to be applied after the local taxes are deducted from the amount ascertained by taking one hundredth of one per cent of the authorized capital of the corporation.

*Petition dismissed.*